ORDER DENYING MOTION FOR REHEARING

KLEIN, J.
We deny appellant’s motion for rehearing of our order dismissing her appeal for failure to prosecute the appeal.
Appellant’s counsel, Matthew J. Schae-fer, filed her notice of appeal on February 12, 2004. On May 11, after his initial brief was overdue, and no extensions had been obtained, we issued an order to show cause why the case should not be dismissed for lack of prosecution. Schaefer responded on May 25, stating the case had not been properly calendared in his office and neither the transcript nor the index had been ordered, but that he had recently ordered them. In fact he had not ordered the transcript. He sought a thirty day extension of time which we granted, making his brief due June 27.
We issued another order to show cause why the case should not be dismissed for lack of prosecution on July 8. On July 13 Schaefer moved for an extension stating he had been unable to obtain the transcript and sought an additional extension. We granted the extension making his brief due August 25. On August 23 Schaefer moved for another extension stating that brief “should be filed with this court within the next several days.” In the same motion he stated he had been unable to obtain the transcript because his client was without funds to pay for it and he could not properly prepare the brief without it. We granted that motion giving him an additional thirty days and stating in bold letters that the appeal would be dismissed if the brief was not timely filed. That brief was due September 30.
On September 28 Schaefer moved for a further extension, stating that he had been summoned for jury duty, had to assist members of his family because of hurricane activity and is a sole practitioner. On October 7 we received a copy of his designation to court reporter, served September 23, directing that the transcript of the trial be prepared. We denied the motion for extension and, consistent with our prior order, dismissed the appeal on October 22. On November 3 Schaefer moved for rehearing and filed an appellant’s initial brief, which contains four pages of facts with no reference to a transcript or record. The issues raised would all require a trial transcript for review.
*165 There are at least two other unrelated cases pending in this court in which Mr. Schaefer has been inattentive, to put it mildly. In Matthews v. Matthews, Case No. 4D04-3111, Schaefer filed a notice of appeal of a final judgment and the notice failed to give sufficient information for us to determine if the appeal was timely. On August 17 we ordered appellant to file a conformed copy of the order being appealed in fifteen days and stated that failure to comply would result in dismissal. After there was no further activity for two months we dismissed the appeal for failure to comply with the August 17 order. On November 4 Schaefer and new counsel stipulated for new counsel to be substituted for Schaefer, and new counsel moved to reinstate the appeal. In the motion to reinstate new counsel advised the court that Schaefer had informed him on September 9 that the appeal was in good standing and that Schaefer had also told him that he was not aware of this court’s order of August 17.
In yet another case, Todd v. Todd, Case No. 4D04-3564, Schaefer filed a notice of appeal of a non-final order on September 17, 2004. Appellant’s brief was due to be filed October 2. On November 4 this court ordered appellant to show cause why the appeal should not be dismissed for lack of prosecution in that the brief had not been filed. On November 17 Schaefer responded by alleging that the due date was inadvertently misealendared in his office and that he had attempted to contact the court reporter but had not been able to obtain a transcript. He filed the initial brief on the same date without a transcript.
In the present case, appellant’s initial brief, if no extensions had been granted, would have been due on April 22, seventy days after the filing of the notice of appeal. Allowing him two, thirty-day extensions to file the initial brief, which we normally grant in cases which are not expedited, would have made his brief due June 21. Considering the fact that the brief was not filed until November 3, along with Schae-fer’s misrepresentation to this court that he had ordered the transcript in May, and his misrepresentation to this court that his brief would be filed within a few days of August 23, we are unwilling to reinstate this appeal and accordingly deny the motion for rehearing.
GUNTHER and MAY, JJ„ concur.